MAY/05/2011/THU 11:48 AM            FAX No.            P. 002/002
2011-MAY-05  11:02   FROM-ABC LEGAL SERVICES   +2132539413   T-301  P.001/001  F-695

RONALD RICHARDS (SBN 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
P.O. Box 11480
Beverly Hills, CA 90212
Telephone: 310-556-1001
Facsimile: 310-277-3325

Attorneys for Defendants Bret Saxon, Insomnia Media Group, IMG Film Incorporated, and IMG Film 14, Inc.

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
11 MAY -5 AM 11:23
BY: ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA,
## WESTERN DIVISION

| | |
|---|---|
| BORAK CAPITAL HOLDING, SAE, <br><br> Plaintiff, <br><br> vs. <br><br> BRET SAXON, INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC., and DOES 1-50, inclusive, <br><br> Defendants. | Case No. CV11-03876 MMM (AJWx) <br><br> NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION) <br><br> Trial Date: None Set |

TO: THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Bret Saxon, Insomnia Media Group, IMG Film Incorporated, and IMG Film 14, Inc. ("Defendants") hereby removes to this Court the state court action described below.

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under 15 U.S.C.§ 1125 and is founded on a claim or right arising under the laws of the United States.

2. On March 23, 2011, an action was commenced in the Superior Court of

416724.1

the State of California for the County of Los Angeles entitled *Borak Capital Holding, SAE V. Bret Saxon, et al.* bearing case No. SC111955. A copy of the complaint is attached hereto as Exhibit "A"

3. The first date upon which Defendants received a copy of the complaint was April 5, 2011 when Defendants were served with a copy of the complaint and a summons from the state court. .

Dated: May 4, 2011      RICHARDS & ASSOCIATES

By: /S/
RONALD RICHARDS
Attorneys for Defendants Bret Saxon,
Insomnia Media Group, IMG Film
Incorporated, and IMG Film 14, Inc.

416724.1      2

EXHIBIT "A"

MICHAEL M. BARANOV - Bar No. 145137
BARANOV & WITTENBERG, LLP
1901 Avenue of the Stars, Suite 1750
Los Angeles, California 90067
Tel: (310) 229-3500

Attorneys for Plaintiff, BORAK CAPITAL HOLDING, SAE

**FILED**
LOS ANGELES SUPERIOR COURT
MAR 2 4 2011
JOHN A. CLARKE, CLERK
BY __J. Denham__, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BORAK CAPITAL HOLDING, SAE,<br><br>Plaintiffs,<br><br>-vs-<br><br>BRET SAXON, INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No. SC111955<br><br>JOHN L. SEGAL<br>COMPLAINT FOR:<br><br>1. Trade Libel<br>2. Unfair Competition<br>3. False Designation of Origin<br><br>[Demand For Trial By Jury]<br><br>CASE MANAGEMENT CONFERENCE<br><br>JUL 1 2 2011  8:30 am Dept. O<br>Date |

COMES NOW, PLAINTIFF, BORAK CAPITAL HOLDING, SAE, a corporation organized under the laws of Egypt, (hereinafter referred to as the "Plaintiff"), and alleges as follows:

1. At all times herein mentioned, plaintiff BORAK CAPITAL HOLDING, SAE ("BORAK") was a corporation organized under the laws of Egypt, with its principal place of business in Cairo, Egypt.

2. Defendant BRET SAXON ("SAXON") is an individual residing in the City of Los Angeles, and doing business within the County of Los Angeles, State of California. He is the principal, officer, director, manager and member of co-defendants INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC. and DOES 1-10.

**COMPLAINT**                                                             1

3. Defendant INSOMNIA MEDIA GROUP is a business organization, form unknown, doing business within the County of Los Angeles, State of California.

4. Defendant IMG FILM, INCORPORATED is a corporation organized under the laws of the State of California, and doing business within the County of Los Angeles, State of California.

5. Defendant IMG FILM 14, INC. is a corporation organized under the laws of the State of California, and doing business within the County of Los Angeles, State of California.

6. Plaintiffs do not know the true names of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue them by those fictitious names.

7. Unless otherwise alleged in this complaint, plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this complaint, each of the defendants was an agent and/or employee of their codefendants, and in doing the things alleged in this complaint, was acting within the course and scope of that agency and employment.

8. Plaintiffs are informed and believe, and thereon allege, that each of the individual defendants exercised such control and dominion over the business entity codefendants so as to make them their mere alter egos and instrumentalities and, as a result, each of the business entity codefendants' corporate and/or limited liability company shields should be disregarded and the business entity defendants rendered mere instrumentalities and alter egos of the controlling defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

A. <u>SAXON's Appearance of a Luxury Lifestyle</u>

9. SAXON's lifestyle and professional image are well-known, and SAXON uses that image to project an aura of success and financial solvency. SAXON owns a 10,900-square-foot home in Pacific Palisades, California, which includes a tennis court, swimming pool, and a film theater, at which he entertains clients and potential investors. SAXON frequently flies in private jets, often traveling with friends and associates to Las Vegas, to sporting events, and to luxurious destinations. SAXON portrays an image of success and wealth, employing a housekeeper, a nanny,

a tennis coach at his home, and a personal trainer that travels with him. SAXON represents himself to be an experienced and successful author, executive, businessman, consultant, and motion picture producer. SAXON's decadent lifestyle was consistent with these representations.

### B. The False Press Release

10. Plaintiff is informed and believes and thereon alleges that on or about November 27, 2007, defendants issued (or caused to be issued) a press release, which stated the following:

Nov 27 (Reuters) - Entertainment company Insomnia Media Group said on Tuesday it is receiving a $550 million cash infusion from Egypt-based Borak Holding, the latest in a growing list of Hollywood companies to obtain Middle East funding.

Under terms of the deal, Insomnia, an independent television and film and talent services company founded in 1994 by Bret Saxon and Jeff Bowler, will retain majority ownership and use the money for acquisitions and additional film projects.

Asset management firm Borak joins an expanding group of companies from the region who are financing Hollywood as U.S. private equity investors, who have pumped an estimated $10 billion into the industry in the last three years, have grown more skittish.

"With oil now at about $98 a barrel, the money from that region is creating enterprise for everything from real estate to entertainment," said Insomnia's Saxon, who also serves as chairman of Transactional Marketing Partners, a marketing consultancy, in an interview.

Insomnia and Borak are currently collaborating on an untitled $70 million war epic being shot in Egypt, Morocco and Los Angeles.

Saxon has worked with Borak for 12 years outside the entertainment sector on real estate and energy deals. "Now, they're looking for more interesting places to put their money," he said, adding foreign investors were more attractive in some ways than U.S. investors in Hollywood.

"These investors are more aggressive and easier to deal with," he said, noting U.S. bankers typically require specific kinds of distribution deals and stars attached up front before committing to film and TV projects.

11. The press release issued by defendants was published by the Reuters news agency. Stories about the purported $550,000,000 deal were printed in the entertainment industry trade publications The Hollywood Reporter and The Daily Variety. Defendants were also interviewed by The Los Angeles Business Journal. In an article printed there, defendant SAXON was quoted, in reference to the $550,000,000 purportedly provided to defendants by plaintiff: "It's an

**COMPLAINT** 3

enormous amount to manage," Saxon said. "Now we have a big responsibility to manage that and make the money work." As late as March 17, 2011, an on-line article in The Wall Street Journal, entitled "Plea Deal Puts Minkow Movie In Limbo", contained a reference to defendants, with a hyperlink to the Reuters story about the purported $550,000,000 investment by plaintiff.

12. None of the statements in defendants' press release, and subsequent news stories, were true. In particular, plaintiff never agreed to provide defendants with $550,000,000 or with any other sum. Plaintiff has also not worked with defendants for "12 years outside the entertainment sector on real estate and energy deals." Indeed, plaintiff did not exist 12 years ago.

C. Defendant's Fraudulent Conduct

13. In or about January 2011, plaintiff has learned that these false statements about plaintiff and the non-existent transactions with plaintiff were made by defendants in order to enhance their reputation in the entertainment industry and to perpetrate a Ponzi scheme, whereby they would solicit funds from various investors for entertainment projects which either did not exist or which would be produced for the fraction of the funds raised by defendants, with the balance diverted to defendants' personal use. Defendants' misrepresentations concerning their financial backing by Borak Capital Holdings were a material element in inducing other investors to invest or loan money to defendants.

14. In particular, in or about January 2011, plaintiff has learned that defendants have represented to Yarbrough Production Company that they had $550,000,000 on deposit which they obtained from their Egyptian investor, namely plaintiff; that defendants were living off the interest on this sum; and that defendants were financially able to fund all of their motion picture projects and to secure their obligations. Based on these false statements, of or about plaintiff, Yarbrough Production Company had invested up to $1,500,000 with defendants, which sum was fraudulently absconded with by defendants. Yarbrough Production Company has obtained a judgment against defendant, on or about October 27, 2010 in the amount of $2,250,000, in an action entitled Yarbrough Production Company v. Bret Saxon, Set in Space, Inc., IMG Film, Inc., Williamson County, Twenty First Judicial District, Chancery Court of Tennessee, Case No. 37602.

**COMPLAINT** 4

15. Plaintiff has also learned that defendants used the falsehoods generated and published by them to obtain meetings with various high ranking entertainment executives. Specifically, plaintiff is informed and believes and thereon alleges that defendants represented to many industry stalwarts that SAXON and/or Insomnia Media Group had obtained $550,000,000 cash infusion from Plaintiff. Such intentional misrepresentations of fact were made by defendants in order to obtain financing, production and/or distribution deals utilizing the libraries or movie portfolios/projects of major studios, or alternatively, to use the prospective involvement of or partnership with major studios to continue to raise monies from unsuspecting investors on movie projects that did not exist, or for which SAXON and/or IMG had no rights. Plaintiff is informed and believes and thereon alleges that defendants operated a Ponzi scheme with third party investors' money, whereby funds from a new investor were used to satisfy obligations to an existing investor. Such representations and statements were made by defendants under false pretenses, and defendants knew that the statements made by them were material, were false at the time that they were made to others, and were made with the intention that third parties would rely on those statements. Plaintiff is informed and believes and based thereon alleges that such false statements and material misrepresentations concerning plaintiff's purported investment of $550,000,000 in Defendants' film company were made, among others, to: Mark Shmuger (Chairman, Universal Pictures); Graham Taylor (President, William Morris-Endeavor); Kirk Shaw (CEO, Insight Studios); Brett Ratner (Director – President, RAT Entertainment); Shawn Williamson (Co-chairman, Bright Light Pictures); and Peter Block (then-President of Acquisitions and Production, Lionsgate Films).

16. Defendants' false representations about the plaintiff, including but not limited to the purported investment of $550,000,000 in defendants' film company and the supposed long-term, ongoing business relationship between plaintiff and defendants, enabled defendants to perpetrate a fraud on third party investors and executives. These false representations have created in the mind of the public an association between defendants and plaintiff, and have caused permanent harm to plaintiff's business interests and reputation in the United States and abroad. Defendants' actions, including their false statements, which were repeatedly published

**COMPLAINT**                                                                    5

on the internet and by the print media, and their use of Plaintiff's name and reputation to defraud various third parties, have impacted plaintiff's ability to expand its operations to the United States since plaintiff's name is now associated with defendants' fraudulent activities.

## FIFST CAUSE OF ACTION FOR TRADE LIBEL

(By plaintiff against all defendants)

17. Plaintiff incorporates paragraphs 1 through 16 above as though set forth in full herein.

18. Defendants published, and continue to publish, through the use of the internet and the press, in print and in interviews, commencing in or about November 2007 and continuing until the present, statements of or about plaintiff, including that Defendants Saxon and/or Insomnia received a $550 million cash infusion from plaintiff and that defendants have worked with plaintiff for 12 years outside the entertainment sector on real estate and energy deals, which statements were and are false. Defendants knew these statements to be false, and published them in conscious disregard of the falsity thereof.

19. Defendants have knowingly sent this false publication to the media and provided interviews to the media, containing this false information, in order to utilize it to raise funds for their ongoing Ponzi scheme to defraud various third party investors to provide funds to defendants, and to set up meetings with prominent executives, to perpetuate the Ponzi scheme.

20. Defendants' false publications have caused, and continue to cause, plaintiff to suffer obloquy, ridicule, and hatred from those who heard and read the statements, and have harmed plaintiff's reputation in the international business community, in the amount according to proof at trial, but no less than $5,000,000.

21. All of the aforementioned acts of defendants were willful, malicious and intentional, designed expressly to harm plaintiffs. As a result, plaintiff is entitled to exemplary and punitive damages, in an amount sufficient to punish the defendants.

///

///

## SECOND CAUSE OF ACTION FOR UNFAIR COMPETITION

(By plaintiff against all defendants)

22. Plaintiff incorporates paragraphs 1 through 21 above as though set forth in full herein.

23. Defendants' continued use and display of the name of plaintiff, in connection with a transaction which did not take place and a business relationship which does not exist, is likely to cause confusion or mistake or to deceive and to cause damage to plaintiff's ability to market its services. This use constitutes unfair competition and unfair business practices under California State law, including the provisions of California Business & Professions Code §§17200 et seq. Plaintiff is entitled to recover actual and treble damages, reasonable attorneys' fees, and the cost of this litigation pursuant to §§17200 et esq.

## THIRD CAUSE OF ACTION FOR
## FALSE DESIGNATION OF ORIGIN

(By plaintiff against all defendants)

24. Plaintiff incorporates paragraphs 1 through 23 above as though set forth in full herein.

25. Defendants' intentional and unlawful use in commerce of plaintiff's name, in connection with a transaction which did not take place and a business relationship which does not exist, constitutes a false designation of origin, false description, and false representation that defendants and their products and services are provided by, sponsored or authorized by, or affiliated with plaintiff. These actions are calculated to cause actual confusion and are likely to cause confusion or mistake among purchasers as to the true origin, authorship, source, sponsorship, or affiliation of counter-defendants' products and services with those of plaintiff in violation of 15 U.S.C. § 1125(a). Plaintiff is entitled to recover actual and treble damages, reasonable attorneys' fees, and the cost of this litigation pursuant to 15 U.S.C. § 1117.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For compensatory damages in the sum to be proved at trial but no less than $5,000,000.
2. For general damages in the sum to be proved at trial.
3. For treble damages
4. For exemplary and punitive damages in the sum to be proved at trial.
5. For prejudgment interest on all amounts claimed.
6. For reasonable attorney's fees incurred herein.
7. For costs of suit incurred herein.
8. For such other and further relief as the court may deem proper.

DATED: March 23, 2011

BARANOV & WITTENBERG, LLP

By: _____
MICHAEL M. BARANOV
Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands that this case be tried by a jury.

DATED: March 23, 2011

BARANOV & WITTENBERG, LLP

By: _____
MICHAEL M. BARANOV
Attorneys for Plaintiff

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 9200 Sunset Boulevard, Ninth Floor, Los Angeles, California 90069-3604.

On May 5, 2011, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(B)** on the interested parties in this action as follows:

Michael M. Baranov
Baranov & Wittenberg, LLP
1901 Avenue of the Stars, suite 1750
Los Angeles, CA 90067

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Resch Polster & Berger LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2011, at Los Angeles, California.

_____
Janaki Neptune

416724.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV11- 3876 MMM (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Borak Capital Holding, SAE

**DEFENDANTS**
Bret Saxon, Insomnia Media Group, IMG Film, Incorporated, IMG Film 14, Inc., and Does 1-50

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael M. Baranov
Baranov & Wittenberg, LLP
1901 Avenue of the Stars, Suite 1750
Los Angeles, California 90067
(310) 229-3500

**Attorneys** (If Known)
Ronald Richards
Law Office of Ronald Richards & Associates, A.P.C.
P.O. Box 11480
Beverly Hills, CA 90212
(310) 556-1001

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1125(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

BANKRUPTCY
- ☐ 22 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities – Employment
- ☐ 446 American with Disabilities – Other
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

SOCIAL SECURITY
- ☐ 61 HIA(1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW 405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV11-03876

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Egypt |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Los Angeles |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): /s/ _____ Date May 4, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)  CIVIL COVER SHEET  Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

    (b) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II. JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III. RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71(JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. ORIGIN. Place an "X" in one of the seven boxes:

   (1) Original Proceedings. Cases which originate in the United States District Courts.
   (2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
   (3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   (4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   (5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
   (6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
   (7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V. REQUESTED IN COMPLAINT.
*Class Action.* Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
*Demand.* In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
*Jury Demand.* Check the appropriate box to indicate whether or not a jury is being demanded.

VI. CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity. Example: U.S. Civil Statue: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action..

VIII (a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.
   (b) RELATED CASES. This section of the CV-71 (JS-44)) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX. VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Indicate the county in this district; state, if other than California; or foreign country where each plaintiff and defendant resides at the time of filing; and where each claim arose in sections (a), (b), and (c), respectively.

If the United States government, an agency or employee there of is a plaintiff and/or defendant, place an "X" in the appropriate box(es).

In land condemnation cases, use the location of the tract of land involved..

X. Attorney or party appearing pro per must sign and date this form.

| CV-71A (09/10) (JS-44 amended 11/04) | INSTRUCTIONS FOR CIVIL COVER SHEET | Page 1 of 1 |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkFlow.com

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 9200 Sunset Boulevard, Ninth Floor, Los Angeles, California 90069-3604.

    On May 5, 2011, I served true copies of the following document(s) described as **CIVIL COVER SHEET** on the interested parties in this action as follows:

Michael M. Baranov
Baranov & Wittenberg, LLP
1901 Avenue of the Stars, suite 1750
Los Angeles, CA 90067

    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Resch Polster & Berger LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on May 5, 2011, at Los Angeles, California.

Janaki Neptune

416724.1